UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10 - 36039 |
| | ) | |
| BRYAN DOUGLAS KIMMELL, | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| JOSEPH R. VOILAND, TRUSTEE | ) | Adversary No. 10-02174 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GALE S. KIMMELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant, GALE S. KIMMELL, for her Answer to the Amended Complaint of Plaintiff, JOSEPH R. VOILAND, TRUSTEE, states as follows:

1. This court has jurisdiction over adversary proceeding pursuant to 28 U.S.C. §1334 and the Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

**ANSWER:** Admits.

2. This complaint initiates a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H) and that this is a proceeding to determine, avoid or recover fraudulent conveyances.

**ANSWER:** Admits.

3. Venue in this District is proper pursuant to 28 U.S.C §1409(a) and that this proceeding is commenced in the same District as the related Chapter 7 bankruptcy case.

1

**ANSWER:** Admits.

4. On August 12, 2010, the Debtor, Bryan Douglas Kimmell filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code.

**ANSWER:** Admits.

5. That Joseph R. Voiland is the appointed and acting Trustee in the above pending bankruptcy proceeding.

**ANSWER:** Admits.

6. That on or about December 3, 2007 the Debtor, Bryan D. Kimmell was married to the Defendant, Gale S. Kimmell.

**ANSWER:** Admits.

7. On March 7, 2009, a Judgment for Dissolution of Marriage was entered into between Bryan Douglas Kimmell and Gale S. Kimmell.

**ANSWER:** Admits.

8. The Judgment for Dissolution of Marriage was entered by agreement of the parties.

**ANSWER:** Admits.

9. That pursuant to the terms and provisions of the Marital Settlement Agreement entered into between Bryan Douglas Kimmell and Gale Kimmell, Bryan Kimmell received assets totaling approximately $85,000.00 and Gale Kimmell received assets totaling approximately $190,000.00.

**ANSWER: Deny**.

10. At the time of the entry of the Marital Settlement Agreement, the Debtor was indebted to various creditors who are also creditors in his Chapter 7 Bankruptcy Case.

**ANSWER:** Defendant denies generally the allegation of paragraph 10 and Defendant lacks sufficient knowledge or information to form a belief as to whether or not the allegation is true.

11. That at the time of the entry of the Marital Settlement Agreement, Bryan Kimmell had substantial debt which exceeded the value of the assets her received pursuant to the Marital Settlement Agreement.

**ANSWER: Defendant denies generally the allegation of paragraph 11 and Defendant lacks sufficient knowledge or information to form a belief as to whether or not the allegation is true.**

12. That as a result of the division of property pursuant to the Marital Settlement Agreement entered into between the parties, the Defendant, Gale S. Kimmell received a disproportionate share of the marital assets.

**ANSWER: Deny**.

13. That the disproportionate amount received by the Defendant, Gale Kimmell totaled $62,500.00.

**ANSWER: Deny**.

COUNT I

AVOIDANCE OF TRANSER PURSUANT TO 11 U.S.C. §548 AND §550

1-14. Plaintiff realleges Paragraphs 1 through 14 as Paragraphs 1 through 14 hereunder.

**ANSWER: Defendant repeats her Answers to Paragraphs 1-14 as her Answers to the allegations contained in paragraphs 1-14 of Count I.**

15. Upon information and belief, the transfer by the Debtor to Gale Kimmell was made:

   (a) with the actual intent to hinder, delay or defraud its creditors; or

   (b) without receiving a reasonably equivalent value in exchange for the transfer at a time

when:

>    (1) The Debtor was insolvent or became insolvent as a result of the transfer; or

>    (2) The Debtor was engaged or was about to engage in business or transaction for which his remaining assets were an unreasonably small capital in relation to such business or transactions; or

>    (3) The Debtor intended to incur or believed that he would incur debts beyond his ability to pay as they became due.

**ANSWER:  Defendant denies generally the allegation of paragraph 15 and Defendant lacks sufficient knowledge or information to form a belief as to whether or not the allegation is true.**

16.    The transfer by the Debtor to Gale Kimmell constitutes a fraudulent transfer within the meaning of 11 U.S.C. §548(a) and should be avoided.

**ANSWER: Deny**

17.    Pursuant to 11 U.S.C. §550, the Trustee is entitled to recover the value of the amount of the transfer from the Debtor to the Defendant, Gale Kimmell.

**ANSWER: Deny**

## COUNT II

### AVOIDANCE OF TRANSFER PURSUANT TO 740 ILCS 160/5 AND 160/9(b)

1-14.    Plaintiff realleges Paragraphs I through 14 as Paragraphs I through 14 hereunder.

**ANSWER:  Defendant repeats her Answers to Paragraphs 1-14 as her Answers to the allegations contained in paragraphs 1-14 of Count II.**

15.    Upon information and belief, the transfer by the Debtor to Gale Kimmell was made:

>    (a) with the actual intent to hinder, delay or defraud its creditors; or

4

(b) without receiving a reasonably equivalent value in exchange for the transfer at a time when:

(1) The Debtor was insolvent or became insolvent as a result of the transfer; or

(2) The Debtor was engaged or was about to engage in business or transaction for which his remaining assets were an unreasonably small capital in relation to such business or transactions; or

(3) The Debtor intended to incur or believed that he would incur debts beyond his ability to pay as they became due.

**ANSWER: Defendant denies generally the allegation of paragraph 15 of Count II and Defendant lacks sufficient knowledge or information to form a belief as to whether or not the allegation is true.**

16. The transfer by the Debtor to Gale Kimmell constitutes a fraudulent transfer within the meaning of 740 ILCS 160/5 and should be avoided.

**ANSWER: Deny**

17. Pursuant to 740 ILCS 160/9(b), the Trustee is entitled to recover the present value of the amount of the transfer from the Debtor to the Defendant, Gale Kimmell.

**ANSWER: Deny**

## COUNT III

### A VOIDANCE OF TRANSFER PURSUANT TO 740 ILCS 160/6 AND 160/9(b)

1-14. Plaintiff realleges Paragraphs I through 14 as Paragraphs I through 14 hereunder.

**ANSWER: Defendant repeats her Answers to Paragraphs 1-14 as her Answers to the allegations contained in paragraphs 1-14 of Count III.**

5

15. The transfer by the Debtor was made without receiving a reasonably equivalent value in exchange for the transfer or obligation.

**ANSWER: Deny**

16. The Debtor was insolvent at the time or the Debtor became insolvent as a result of the transfer or obligation.

**ANSWER: Defendant denies generally the allegation of paragraph 16 of Count III and Defendant lacks sufficient knowledge or information to form a belief as to whether or not the allegation is true.**

17. The transfer by the Debtor to Gale Kimmell constitutes a fraudulent transfer within the meaning of 740 ILCS 160/6 and should be avoided.

**ANSWER: Deny**

18. Pursuant to 740 ILCS 160/9(b), the Trustee is entitled to recover the present value of the amount of the transfer from the Debtor to the Defendant, Gale Kimmell.

**ANSWER: Deny**

## FIRST AFFIRMATIVE DEFENSE

14. As a first affirmative defense, Defendant alleges that the adversary complaint was not filed with substantial justification pursuant to §157(b)(2)(H) in that Plaintiff did not conduct an adequate investigation into the merits of Debtor's Chapter 7 filing.

## SECOND AFFIRMATIVE DEFENSE

15. As a second affirmative defense, Plaintiff fails to state claim under Sections 160/5 or 160/6 of the Illinois Uniform Fraudulent Transfer Act (740 ILCS 160/5 *et seq.* and 740 ILCS 160/6 *et seq.*) upon which relief may be granted. Plaintiff fails to allege with specificity the fraudulent

conveyance relied upon by plaintiff to support a claim under the Illinois Uniform Fraudulent Transfer Act (740 ILCS 160/5 *et seq.* and 740 ILCS 160/6 *et seq.*).

WHEREFORE, Defendant demands judgment against the Plaintiff dismissing the complaint, with an award of attorney's fees to Defendant's attorney and costs to defend this action and for such other and further relief as to this court deems just and equitable.

Dated:  November 6, 2011              /s/ Derrick B. Hager
                                                      Derrick B. Hager,
                                                      Attorney for Gale S. Kimmell

### PROOF OF SERVICE

The undersigned certifies that the foregoing **ANSWER TO AMENDED COMPLAINT** was served upon the Plaintiff by depositing a copy thereof in the U.S. Mail, postage prepaid, in envelopes addressed to those listed below on the 6th day of November, 2011.

        The Honorable Joseph R. Voiland
        Chapter 7 Trustee
        1625 Wing Road
        Yorkville, IL 60560

                                                      /s/ Derrick B. Hager

                                                        Defendant's Attorney

Name **Derrick B. Hager 6286310**
Derrick B. Hager, PC
Derrick B. Hager, Attorney at Law
1525 Kautz Rd. Suite 400
West Chicago, IL 60185
630-587-7490
630-587-7493fax